IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONNA DONOVAN, on behalf of herself and as p/n/g/ of her minor daughter BRITTANY DONOVAN | : : : : | CIVIL ACTION |
| v. | : : | NO. 08-4075 |
| IDANT Laboratories, as a division of DAXOR CORPORATION | : : | |

O'NEILL, J.                                                                                                                   JUNE 10, 2009

## MEMORANDUM

On July 16, 2008, plaintiff Donna Donovan on behalf of herself and minor plaintiff Brittany Donovan, her daughter, filed a complaint in the Court of Common Pleas of Philadelphia County. They alleged that defendant Idant Laboratories, a division of Daxor Corporation, is liable for negligence, breach of contract, third-party beneficiary breach of contract, breach of the express warranty of merchantability, breach of implied warranty of merchantability, third-party beneficiary breach of express and implied warranties of merchantability, negligent misrepresentation, strict products liability and negligent infliction of emotional distress for providing defective sperm to Donna Donovan. On August 21, 2008, defendant removed the action to this Court.

On March 31, 2009, having found that New York law applies, I dismissed Donna Donovan's claims as time-barred and Brittany Donovan's claims of negligence and negligent misrepresentation as having failed to allege a legally-cognizable injury under New York law. I granted plaintiff's motion to amend her complaint on her breach of contract and warranty claims and denied defendant's motion to dismiss the strict liability claim. Before me now is defendant's motion for reconsideration of my denial of its motion to dismiss plaintiff's claims of strict

liability and breach of warranty, plaintiff's response and defendant's reply thereto. Oral argument on this motion was held on June 2, 2009.[1]

Local Civil Rule 7.1(g) allows parties to file motions for reconsideration in this Court. E.D. Pa. R. 7.1(g). "The purpose of the motion for reconsideration is to correct manifest error of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "In a motion for reconsideration, the burden is on the movant . . . to show 'manifest' errors of law or fact or new evidence." Egervary v. Rooney, 80 F. Supp. 2d 491, 506 (E.D. Pa. 2000), citation omitted. "[A] motion for reconsideration addresses only factual and legal matters that the Court may have overlooked. [It is improper] to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993), citation omitted. "Because of the interest in finality . . . courts should grant motions for reconsideration sparingly." Rottmund v. Cont'l Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992). I will consider defendant's motion for reconsideration although these issues were not adequately briefed in its original motion to dismiss or its reply.[2]

Defendant argues that plaintiff's claims for strict liability and for breach of warranty are

---

[1] While defendant moved only for reconsideration of the strict liability claim, the parties also argued the breach of warranty claims in their briefs and at oral argument, so I will consider both claims here. However, as defendant conceded at oral argument, because I granted plaintiff's motion to amend her complaint on her breach of contract claim and neither party addressed the breach of contract claim in the briefs or at oral argument, that claim is not at issue here.

[2] Indeed, in its original motion to dismiss, defendant did not assert that plaintiff's claims constitute impermissible wrongful life claims under New York law at all and in its reply brief defendant addresses this issue in under two pages with no mention of the fact that New York courts have not yet barred actions other than for negligence or medical malpractice as being prohibited claims of wrongful life.

properly termed claims of "wrongful life."  Wrongful life, i.e., that "but for" the tortfeasor's negligence the infant would not have been born, is not a legally cognizable injury in New York. Becker v. Schwartz, 46 N.Y.2d 401, 411 (1978).  The New York Court of Appeals has concluded that an infant alleging a claim of wrongful life has not suffered a legally cognizable injury because "[w]hether it is better never to have been born at all than to have been born with even gross deficiencies is a mystery more properly to be left to the philosophers and the theologians," and because the remedy afforded an injured party in tort is designed to place that party in the position that she would have occupied but for the alleged negligence.  Id. at 411-12.  A cause of action based on "wrongful life" seeks to put the child in the position of having not received the defective sperm, "thereby depriving the infant plaintiff of [her] very existence."  Id.

To sustain a claim of strict liability, "the manufacturer of a defective product is liable to any person injured or damaged if the defect was a substantial factor in bringing about [her] injuries or damages . . ."  Codling v. Paglia, 32 N.Y.2d 330, 342 (1973).  While damages are permitted for the economic loss of the damage to a person by a defective product, Rivkin v. Heraeus Kulzer GmbH, 289 A.D.2d 27, 27-28 (1st Dep't 2001), citing Rest. (Third) Torts-Products Liability § 21, here it is impossible to distinguish plaintiff's economic injuries from those of a claim for wrongful life.  The Courts have declined to determine the economic value of the life of a person with disabilities as compared to having no life at all.  Becker, 46 N.Y.2d at 411; see also Megan D. McIntyre, The Potential for Products Liability Actions when Artificial Insemination by an Anonymous Donor Produces Children with Genetic Defects, 98 Dick. L. Rev. 519, 538 (1994), noting that courts have not "been willing to say that children, no matter how severely impaired, would have been better off had they never been born."

Additionally, only personal, not economic, injuries are permitted for breaches of warranty.  See e.g., Arell's Fine Jewelers, Inc. v. Honeywell, Inc., 170 A.D.2d 1013, 1014 (4th Dep't 1991), citing N.Y. Com. Code §2-318.  In arguing that her claim is not one of wrongful life, plaintiff alleges that she is not claiming that she should never have been born, but that the product caused her genetic defect and defendant should have to pay for the costs of the injuries caused by the defective sperm.  By stating the claim in this manner so as to avoid the pitfall of alleging a claim under wrongful life, plaintiff has alleged only economic damages.  However, plaintiff's injuries can only be personal, rather than economic, in nature because, as noted above, the New York court will not assign an economic value to this kind of loss.  Becker, 46 N.Y.2d at 411.  If the sperm at issue was defective or did not live up to its warranty, to place plaintiff in the position which she would have occupied had the product not been distributed or the warranty not given would be to alter plaintiff's genetic identity so that she would be someone else.[3]  These injuries are identical to the injury that New York courts consistently find not to be legally cognizable in causes of action for negligence and medical malpractice, regardless of whether the

---

[3] Plaintiff is correct that her claims of strict liability and breach of warranty are not identical to a "but for" claim of negligence or medical malpractice.  However, plaintiff fails to distinguish the injury she claims to have suffered in her claims for breach of warranty and strict liability from that alleged in a prohibited claim of wrongful life.  While Donna Donovan may have been able to bring a wrongful life claim, whether in negligence or otherwise, for the injury of pecuniary losses of the costs incurred in raising a child with disabilities under New York law, see e.g., Becker, 46 N.Y.2d at 412, the injuries of the affected child are different.  To bring the parent of a child with disabilities to the position in which she would have been had the act causing the disability not occurred is an economic issue.  Id.  However, to bring that child into the position in which she would have been had the act causing her genetic disorder not taken place, her genetic identity would be different, so the plaintiff would not exist.  Id. at 411.  Thus, while Donna Donovan could show a financial injury, her claims have been time-barred and the minor plaintiff has not alleged her own financial injury distinguishable from a claim for wrongful life.

4

plaintiffs argue that their claims do not allege wrongful life.  See e.g., Becker, 46 N.Y.2d at 411, Alquijay v. St. Luke's Roosevelt Hospital Center, 63 N.Y.2d 978 (1984), Paretta v. Medical Offices for Human Reproduction, 760 N.Y.S.2d 639 (N.Y. Sup. Ct. 2003).

While the Court of Appeals of New York has not been faced with determining whether strict liability and breach of warranty claims for the injury of wrongful life are barred,[4] I find it more likely than not that it would find that the injuries alleged in plaintiff's strict liability and warranty claims are essentially claims for wrongful life.  As plaintiff has not alleged a legally cognizable injury, she has failed to state a claim for strict liability or third-party beneficiary breach of express or implied warranty.[5]

An appropriate Order follows.

---

[4]  While defendant concedes that no court in New York or elsewhere has prohibited a claim of strict liability or breach of warranty because the only injury alleged is one of wrongful life, I can also find no case where a claim of strict liability or breach of warranty has been allowed where the effect of the injury is one that, had defendant not placed the defective sperm into the stream of commerce or not breached its alleged warranty to test it for all genetic diseases, plaintiff would not have been born with this genetic identity.

[5]  As I will dismiss plaintiff's strict liability claim on other grounds, I need not consider defendant's argument, asserted for the first time in the motion for reconsideration, that its act of providing sperm for the purposes of artificial insemination does not constitute a sale under New York Public Health Law § 4364(5), a statute creating criminal liability for sperm and tissue banks that sell sperm for valuable consideration.